Chicago & Vicinity Hungarian Benevolent Society, Appellee, v. Chicago & Suburb Hungarian Aid Society (Defendant). Alphonse Lefkow, Appellant.

### Gen. No. 22,442. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed. Opinion filed May 9, 1917.

## Statement of the Case.

Bill by Chicago & Vicinity Hungarian Benevolent Society, a corporation, complainant, against Chicago & Suburb Hungarian Aid Society, a corporation, defendant, for review of a certain prior suit wherein decree was entered providing that the clerk of court should pay to Alphonse Lefkow $500 for his reasonable attorney's fees and certain costs and in satisfaction of a certain judgment, and $116.33 additional out of certain funds in the hands of said clerk, charging that said Lefkow was guilty of fraud in so providing in said decree and in obtaining said sums. From an order adjudging said Lefkow guilty of contempt of court for failure to pay over said sums to the clerk of court as required by prior order of the court, said Lefkow appeals.

FRANK H. CULVER and IRENE M. LEFKOW, for appellant.

CHARLES R. WHITMAN, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. EQUITY, § 451*—*what constitutes a consent decree.* A decree entered upon examination and approval by a master in chancery and to have the "O. K." thereon of the solicitors of both parties to the suit, *held* to be a consent decree.

2. CONTEMPT, § 68*—*when chancellor may consider whole record.* In a contempt proceeding, where the conduct of a solicitor of record is in question, a chancellor has authority to consider the whole record before him.

3. EQUITY, § 556*—*what decree not set aside on bill of review.* A consent decree is not subject to be set aside on bill of review.

4. EQUITY, § 574*—*when bill of review is not demurrable.* A bill of review charging only errors apparent on the face of the decree sought to be reviewed is not demurrable.

5. EQUITY—*when answer to bill of review should not be stricken.* If a bill of review sufficiently charged fraud in obtaining the decree sought to be reviewed, defendant's answer, filed without leave, in justification of the charge should not be stricken from the record and be denied a hearing thereon.

6. EQUITY, § 582*—*what relief may be granted on bill to review consent decree.* On a bill to review a consent decree and answer to the bill, *held* that the chancellor would be authorized only to revise the terms of such decree and not to order payment of money to a third person, as the clerk of the court.

7. CONTEMPT, § 31*—*when order to pay money is not basis for order of.* An order upon a bill to review a certain consent decree to a party to pay to the clerk of the court, to await the disposition of the bill, a certain sum paid to such party under such decree. *held* no basis for an order of contempt upon such party for failure to pay such sum.

O'CONNOR, P. J., specially concurring.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.